FILED

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

2020 JAN 10 PM 1: 06

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

| | |
|---|---|
| BRUCE LLOYD | ) |
| _____ | ) |
| *Petitioner* | ) |
| | ) |
| v. | ) Case No. 4:15-CR-00184-LGW-GRS-1 |
| | ) *(Supplied by Clerk of Court)* |
| | ) |
| FCC, COLEMAN USP-1, WARDEN | ) |
| _____ | ) |
| *Respondent* | |

*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:  **BRUCE LLOYD**
    (b) Other names you have used:  **N/A**

2.  Place of confinement:
    (a) Name of institution:  **Federal Correctional Complex, USP-1**
    (b) Address:  **P.O. Box 1033, Coleman, FL 33521-1033**

    (c) Your identification number:  **19595-021**

3.  Are you currently being held on orders by:
    ☒ Federal authorities    ☐ State authorities    ☐ Other - explain: _____

4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
    If you are currently serving a sentence, provide:
       (a) Name and location of court that sentenced you:  **U.S. Dist. Ct. Southern Dist. Georgia, Savannah Division**
       (b) Docket number of criminal case:  **4:15-CR-00184-LGW-GRS-1**
       (c) Date of sentencing:  **May 19, 2016**
    ☐ Being held on an immigration charge
    ☐ Other *(explain)*: _____
       _____
       _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.    What are you challenging in this petition:

☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☒ Other *(explain)*:    "Detention"

6.    Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court:    U.S. Dist. Ct. Southern Dist. Georgia Savannah Division

(b) Docket number, case number, or opinion number:    4:15-CR-00184-LGW-GRS-1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
"Detention," sentence beyond the statutory maximum (Section 2255)

(d) Date of the decision or action:    June 15, 2017 - Denied

## Your Earlier Challenges of the Decision or Action

7.    **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes                    ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court:    U.S. Ct. of Appeals for the Eleventh Circuit

(2) Date of filing:    June 15, 2017

(3) Docket number, case number, or opinion number:    17-13276

(4) Result:    Denied

(5) Date of result:    October 31, 2018

(6) Issues raised:    Claim One: Georgia robbery and Marijuana conviction was not ACCA predicate convictions; Claim Two: Ineffective Assistance of Counsel; Claim Three: Counsel failed to file notice of appeal as requested by defendant.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.     **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.     **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes                    ☐ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____
_____
_____
_____
_____

(b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☐ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____
_____
_____
_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____

_____
_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

    (c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

conviction or sentence: __Because there's no other remedy to contest__

__my "detention," there's no new case law created by the Supreme__

__Court that contests my claim pursuant to the "ACCA" enhancement__

__without violating the ("AEDPA") Antiterrorism and Death Penalty__

__Act of law when filing an additional Section 2255 petition.__ __.__

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

❑ Yes      ☒ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: _____

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

    ❑ Yes      ❑ No

    If "Yes," provide:

    (1) Date of filing: _____

    (2) Case number: _____

    (3) Result: _____

    (4) Date of result: _____

    (5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

    ❑ Yes      ❑ No

    If "Yes," provide:

    (1) Name of court: _____

    (2) Date of filing: _____

    (3) Case number: _____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (4) Result: _____

    (5) Date of result: _____

    (6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes        ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.    State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Petitioner now argues that his sentence exceeds the statutory maximum sentence of Section 922(g)(1) which is 10 years therefore he's actually and factually innocent of the ("ACCA") enhancement that now affects Petitioner's detention of confinement while incarcerated at USP-1 Coleman.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND TWO:** Whether Petitioner is entitled to seek federal habeas corpus relief under Sec. 2241 on the ground that Sec. 2255 is "Inadequate or Ineffective" to allow him to raise a claim that an intervening and retroactively applicable statutory- (See attachment)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes          ☒ No

**GROUND THREE:** Whether Petitioner's sale of marijuana 3.3 grams qualify as a serious drug offense where as O.C.G.A. Sec. 16-13-30J statute only calls for a maximum state sentence of eight (8) years, which does not exceed the (See attachment)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____
_____
_____
_____
_____
_____

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes          ☒ No

GROUND TWO (continues:

construction decision establishes that the district court er-
roneously imposed a mandatory minimum sentence of 188 months
outside the statutory provision of Sec. 922(g)(1) without the
application of the "ACCA" enhancement where as Petitioner's
predicate offense don't qualify.

GROUND THREE (continues):

information under the U.S.S.G. of Section 102 of the Controlled
Substances Act (21 U.S.C. Sec. 802) as a serious drug offense
that should carry a penalty over 10 years prescribed by federal
law.

(See Application (Grounds only)

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** (Related argument for the record) Petitioner now raises a constitutional claim pursuant to the acknowledgement of Supreme Court case for relief from the "ACCA: enhancement where as his "detention" is is question. See Memorandum of Law.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes            ☒ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:    N/A

**Request for Relief**

15. State exactly what you want the court to do: Petitioner only wishes to be sentenced without the "ACCA" enhancement, because his marijuana state conviction for 3.3 grams does not qualify as a serious drug offense, and both state cases for marijuana were under one indictment number. See all attached exhibits to help prove Petitioner's relief from his 188 months sentence thereof. Relief should be granted, and an imposed sentence should be between 46-57 months...accordingly to law of the U.S.S.G. Manual (2016)...

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_January 7, 2020_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _1/7/2020_

_Bruce Liboul_
Signature of Petitioner

_____
Signature of Attorney or other authorized person, if any

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE OF FLORIDA
OCALA DIVISION

---

CRIMINAL CASE ç 4:15CR00184-LGW-GRS-1

---

BRUCE LLOYD,
Movant/Petitioner,

v.

UNITED STATES OF AMERICA,
Respondent.

---

PETITIONER FOR A WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. SEC. 2241

Pursuant to Local Rule 1.02(c) and Sec. 2241(d)

Ferdick v. Bonzelet, 938 F.2d 1258 and Haines v. Kerner, 519
U.S. 404, 520, 30 L. Ed. 2d 652 (1972).
"Affidavits of Facts"

Date: _____ 2020.

Submitted by: _____
BRUCE LLOYD
Reg. No. 19595-021
P.O. Box 1033
Coleman, FL 33521

A clear notice to protect Petitioner's constitutional rights when addressing the United States District Court.

Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. ED. 2d 1081 (2007) (Haines v. Kerner, 404 U.S. 519, 521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)).

Lloyd does meet the minimum requirement to file his 28 U.S.C. Sec. 2241 in this United States district Court, Middle District of Florida, Ocala Division where he's being housed as a federal prisoner at Federal Correctional Complex USP-1, this Honorable Court mandated by all the rules set out by law pursuant to Rules 1-81 should be applied thereof pursuant to all of Petitioner's meritorious claims set forth in his petition at this time.

A

## PARTIES OF INTEREST

Petitioner, BRUCE LLOYD, Reg. No. 19595-021,

Defendant's Defense Counsel, Laura G. Hastay, Dist. Ct. No. 9:15cr00184-LGW-GRS-1

Appellant Counsel, _____
Case No. 17-13276-K

United States Attorney, _____
Dist. Ct. No. 9:15cr00184-LGW-GRS-1

Sentencing Judge _____
Dist. Ct. No. 9:15cr00184-LGW-GRS-1
U.S. Dist. Ct.
Southern Dist. of Georgia
Savannah Division

B

Rules 1-81
Memorandum of Law

Petition for a Writ of Habeas Corpus
under 28 U.S.C. Sec. 2241

BRUCE LLOYD, Reg. No. 19595-021
PRO SE,
U.S. Dist./Golden-Collum Memorial Fed. Building &
U.S. Courthouse, 207 NW Second Street, Room 337
Ocala, Florida 34475-6666

1. Publication of Rules; Advisory Committee *** Section 2077
2. Claim to vessel and cargo/Document of Title
   Section 2241, Operation Procedures Rules of Dist. Ct.
3. Filing dates and deadlines Rules 27-28
4. Notice of Summon/etc. Rule 4
5. Notice of Hearing/ect. Rule 7(b)
6. Commencement of action Rule 3./Commencement of Authorization
   to proceed in forma pauperis to 28 U.S.C. Sec. 1915/
   Rule 4(a) ect.
7. Computation of the time period/Rule 6
8. Pretrial conference Rule 16
9. Discovery Rule 26 Habeas Corpus

Date: _____January 7,_____ 2020.

                    Submitted by: _____Bruce D. Lloyd_____

C

## STATEMENT OF FACTS AND LAW

Bruce Lloyd pled guilty in January 2016 to being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). The district court found that he was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. Sec. 924(e), based on his 2008 Georgia robbery conviction, his 2013 Georgia conviction for possession with intent to distribute marijuana, and his 2013 Georgia conviction of sale of marijuana; of under one form of indictment, and incident report, arrest report in the May 2013 incident of arrest.

In May 2016, the district court imposed a sentence of 188 months' imprisonment.

In July 15, 2017, Petitioner filed a direct appeal, and that was denied, case no. 17-13276, all of this was from Petitioner's filing of his section 2255 petition which was filed on April 2017; denied 10/31/2018.

Petitioner now challenges the sentencing error by way of a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241.

(a) Section 2255(e) provides that a defendant may file a petition for a writ of habeas corpus under section 2241 if section "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. Sec. 2255(e)(supp. 2011).

Ground for Relief

A. Petitioner states that the district court erred in sentencing him as a ("ACCA") offender, also by reading both his two Georgia convictions of marijuana together under Sec. 16-13-30(J)(1),

1

(2), because the Eleventh Circuit foreclosed his claim and said Lloyd's Georgia marijuana convictions are for serious drug offense and are ACCA predicate convictions, <u>Petitioner asserts that both marijuana convictions do not extend to a maximum term of imprisonment of ten years</u>. See Petitioner's state documents to support his claim for relief where as these state document was not available during his first 225 collateral review.

Petitioner states that he cannot file a second or successive section 2255 motion because no prima facie showing cannot be made that his petition relies on a new retroactive rule of constitutional law or on new factual evidence of actual innocence. (28 U.S.C. Sec. 2255(h) (Supp. V 2011)). However, petitioner can show that he's actually innocent of being an Armed Career Criminal when raising his Sec. 2241 because one of the predicate offenses used for the ("ACCA") enhancement does not reach a maximum sentence of ten years or more therefore the petitioner's "detention" have been affected under the law.

However, the savings-clause relief is not limited to collateral attacks on a conviction. While the word "detention" includes challenges to a conviction, it is not limited to such claims, and the term can naturally be understood to encompass challenges to a sentence as well. See <u>Black's Law Dictionary</u> 449 (6th ed. 1990) (defining "detain" to include "keep to include "keep in custody"); see also <u>id</u>. at 574 (9th ed. 2009) (defining "detention" as "the act or fact of holding a person in custody"). A challenge to a conviction attacks the legal <u>basis</u> for a prisoner's "detention," and a challenge to a sentence attacks

2

the lawful <u>extent</u> of the "detention."

A sentence imposed above the otherwise applicable statutory maximum based on a legal error is a fundamental defect redressable under the savings clause.  See Br. in opp. at 11-13 & nn. 3-4.  Dority v. Roy, 131 S. Ct. 3023 (No. 10-8286).

The imposition of an error mandatory sentence is likewise a fundamental error that raises separation-of-powers concern analogous to those implicated by a sentence above the statutory maximum.  Congress has the exclusive authority to establish maximum and minimum penalties for a criminal offense. See <u>United States v. Wiltberger</u>, 18 U.S. (5 Wheat) 76, 95 (1820).  In addition, imposition of a mandatory minimum term based on legal error significantly affects a defendant's liberty interest in a way that implicates due process.

While mandatory minimum punishment are unquestionable valid legislative means to curb judicial discretion and ensure severe punishment for defendants whose conduct and history warrant those penalties, the imposition of a mandatory minimum term based on legal error wrongly deprives the court of discretion to impose a lower sentence after considering all of the mitigating and aggravating factors surrounding the offense. ("detention")  The resulting sentence therefore represents an unjustified loss of liberty.  The fundamental character of that deprivation is confirmed by the court's holding in Hicks v. Oklahoma, 447 U.S. 343, 346-47 (1980), which held that a similar error under state law violated due process because "the defendant *** has a substantial and legitimate expectation that

3

he will be deprived of his liberty only to the extent determined
by the jury in the exercise of its statutory discretion, and
that liberty interest is one that the Fourteenth Amendment
preserves against arbitrary deprivation by the state. Id. at
346 (citation omitted).

Accordingly, the erroneous imposition of a mandatory minimum
sentence is a fundamental defect that warrants corrections under
the savings clause when the defendant otherwise had no
opportunity to raise it.

* GROUND ONE* MEMORANDUM OF LAW

A. Petitioner now argues that his sentence exceeds the statutory
   maximum sentence of Section 922(g)(1) which is 10 years,
   therefore he's actually and factually innocent of the "ACCA"
   enhancement.

Petitioner's sentence exceeds the statutory maximum, Sec.
922(g)(1). Petitioner asserts that his sentence is illegal,
and he's contesting his "detention." Petitioner clearly states
that he is contesting his "detention" of his "illegal sentence,"
and the way it was carried out once his defense counsel withdrew
her objection towards Petitioner's "ACCA enhancement, had
appellate counsel raised the issue without allowing petitioner
to enter an agreement to not to appeal - on direct appeal it
would have been recognized that both of petitioner's state
convictions pursuant to O.C.G.A. Sec. 16-13-30 in which both
don't exceed a max penalty of 10 years or more, amounted to
petitioner receiving an "illegal sentence," which would amount
to reversible error on direct appeal, and warrant habeas relief
as well.

4

II. Defendant's defense counsel failed to protect her client's
due process to have been to a degree that forced petitioner
into accepting a, erroneously sentence after counsel clearly
said that she reviewed the record but failed to disclose the
information above in the first paragraph pursuant to her client's
prior state offenses which petitioner was sentenced to a 15-
year minimum sentence under Sec. 924(e), where he does not have
three qualifying predicates, results in an "illegal sentence"
which warrants habeas relief, noting that imposing such a
sentence will also be reversible plain error, since sentencing
a defendant above the applicable statutory maximum will always
affect the defendant's "substantial rights and seriously affect
the fairness, integrity, or public reputation of the judicial
proceedings," citing United States v. Sanchez, 586 F.3d 918,
930 (holding that an error resulting in a sentence above the
statutory maximum meets even the plain error standard.); United
States v. Obasoham, 73 F.3d 309, 311 (11th Cir. 1996)(if the
district court imposed an illegal sentence, defendant is entitled
to relief notwithstanding his failure to object at sentencing.).
See; 2017 U.S. Dist. LEXIS 61773 Akins v. U.S., April 21, 2017.
See; United States v. Robinson, 583 F.3d 1292, 1296 (11th Cir.
2009); Mathis v. United States, 579 U.S. 136, S. Ct. 2243, 195
L. Ed. 2d 604 (2016).  See Schlup v. Delo, 513 U.S. 298, 329
(1995).

* GROUND TWO * MEMORANDUM OF LAW

<u>LEGAL ARGUMENT</u>

A. Whether Petitioner is entitled to seek federal habeas corpus

5

relief under 28 U.S.C. Sec. 2241 on the ground that 28 U.S.C.
Sec. 2255 is "inadequate or ineffective" to allow him to raise
a claim that an intervening and retroactively applicable
statutory-construction decision establishes that the district
court erroneously imposed a mandatory minimum sentence of 188
month outside the statutory provision of Sec. 922(g)(1) without
the applicable of the "ACCA" enhancement where as petitioner's
predicate conviction set forth in the state convictions for
(A) Possession with Intent to Distribute - Marijuana in violation
of Georgia code 16-13-30(g)(1); and Sale of Marijuana Georgia
Code 16-13-30(j)(1) SC Incident Report No. 130578137, both
offenses were not apart of no more than one arrest, and placed
under one Criminal Case Number 130518137. Id. (cf) (Both placed
under one count)

   Petitioner states that he was improperly sentenced as an
Armed Career Criminal ("ACCA") pursuant 18 U.S.C. Sec. 922(g)(1)
...
B. Whether petitioner is entitled to seek federal habeas corpus
relief under 28 U.S.C. Sec. 2241 on the ground that 28 U.S.C.
Sec. 2255 is "inadequate or ineffective" to allow him to raise
a claim that the district court failed to consider the
information set forth in Shepard v. United States, 544 U.S.
13, 26 (2005); (Mathis v. United States, 136 S. Ct. 2243, 2251-
54 (2016)), when the facts of petitioner's defense counsel
initially raised objection to the use of her client's state
prior convictions used for "ACCA" purposes but rather withdraw
those objection hander petitioner relief from being sentenced

6

as an Armed Career Criminal where as now with petitioner's
further research into Georgia - Official Code of Georgia An-
notated Title 16.   Crimes and Offense Chapter 13.   Controlled
Substances Article 2. Regulation of Controlled Substance Part
1. Schedules, Offense, and Penalties Sec. 16-13-30.   Purchase,
possession, manufacture, distribution, or sale of Controlled
Substances or marijuana; penalties.

Petitioner's two marijuana offenses were (A.) II under one
incident no. and one state indictment no. however one offense
carry a state offense of Sec. 16-13-30(a), (b) under Sec. 16-
13-30(a)(, (b)(2), making one a predicate offense under the
"ACCA" enhancement of Sec. 924(a)(2), and another one excluded
from the use of "ACCA" enhancement, but the major problem is
that both were under one form of Shepard documents, given the
fact that petitioner's defense counsel clearly abandon his
objections warrants a full hearing under this matter pursuant
to Mathis v. United States, 136 S. Ct. 2243, 2257-54 (2016)
... Id.   Petitioner had only one arrest date, (5/18/2003), both
incidents fell under one arrested location, Id. (A) O.C.G.A.
Sec. 16-13-30(J)(1) calls for a state sentence of one year nor
more than eight years; Description Sell - Exh-1; GLM F/Tt for
marijuana 3.3 grams, and O.C.G.A. Sec. 16-13-30(J)(1) - Ex-1;
GLM F/T for marijuana 5.9 grams, calls for a state sentence
of one year up to 15 years.

However, the petitioner's claim for relief cannot be
alternative because 3.3. grams of marijuana cannot be listed
as a serious drug offense pursuant to Id. Sec. 924(e)(2)(A)(ii)

7

or 924(e)(2)(A)(i).

See Section 103 of the Controlled Substances Act (21 U.S.C. Sec. 802) for which a maximum term of imprisonment of ten years or more is prescribed by law.

See Moncrieffe v. Holder, 569 U.S. 184, 193-94, 133 S. Ct. 1678, 185 L. Ed. 2d 727 (2013).

*GROUND THREE* MEMORANDUM OF LAW

Petitioner now disputes that the sale of marijuana alone as a separate offense of possession with the intent to distribute pursuant to O.C.G.A. Sec. 16-13-30(J), however sale charge of marijuana does not carry a penalty over 10 years that reference the reading of Section 924(e)(2)(A)(i) or (ii), (as defines in Section 102 of the Controlled Substances Act (21 U.S.C. Sec. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law."

Petitioner states when looking at his exhibits and taking notice to document O.C.G.A. Sec. 16-13-30, Petitioner's sell of marijuana does not extend to a ten year state sentence, but stop short only as eight years max, nor is it listed among a "serious drug offense" (as defined in Section 103 of the Controlled Substances Act (21 U.S.C. Sec. 802)), therefore petitioner states that he's sentenced over the prescribed law of Section 922(g)(1) and that his sentence should be VACATED, and re-sentencing is warranted, and a new sentence should be given under Section 922(g)(1)...

See attached SHEPARD DOCUMENTS OF THE STATE DOCUMENTS...

*GROUND FOUR* MEMORANDUM OF LAW

Petitioner now raises a constitutional claim in which his
sentence exceeds the statutory maximum prescribed by the Judicial
Statute of Section 922(g)(1), in reference to his claim he does
ackowledge that Johnson, 135 S. Ct. 2551 (2015) was available
during his sentencing hearing, however, his lawyer's failure
to raise either Johnson or Descamps does not foreclose his claim
presented by law.  Relying <u>Winston</u> to find that "petitioner
need not show he was sentenced under the residual clause to
maintain a Sec. 2255 claim under Johnson.... Id. 850 F.3d 677,
682 (4th Cir 2017).

Because petitioner was sentenced after Johnson (2015), it's
clearly understood that specific basis for the ACCA was not
determined pursuant to the "residual clause" set forth in
petitioner's case pursuant to his state conviction of robbery
in light of O.C.G.A. Sec. 16-8-40(a). Id.  Mr. Lloyd's plea
hearing transcript reveals that he was convicted of robbery
by intimidation.

For the reasons previously stated, where the record is
unclear, but reveals that the district court may have relied
on the residual clause, it should be presumed that the district
court relied upon the residual clause, and petitioner's ACCA
status should be reconsidered anew, applying current case law,
including all controlling law during the time of sentencing,
where his counsel withdrew his objection from the record. Id.
("If this court were to resentence petitioner today it would
apply current law - Descamps (as interpreted by other binding
precedent) - to determine armed career criminal status where

9

petitioner's state prior conviction under O.C.G.A. Sec. 16-8-40 is determined without aggravation. Id.

However, physical force was defined as "any...bodily impact, restraint, or confinement; or threat of any bodily impact, restraint or confinement" other courts have found that this definition, on its face, falls short of requiring force capable of causing physical pain or injury to another person. See United States v. Eason, 829 F.3d 633, 640 (8th Cir. 2016).

Petitioner states his conduct falling short of the violent force required by Curtis Johnson which the government has relied on in the past. See United States v. Castro-Vasquez, 802 F.3d 28, 37 (1st Cir. 2015) C-1.

Therefore, petitioner states there is no significant distinction between Georgia, Iowa, or Arkansas robbery offenses, they all fall short of requiring force capable of causing physical pain or injury to another person, in United States v. Eason, 829 F.3d at 641.

*GROUND FIVE* MEMORANDUM OF LAW

Petitioner asks whether his sentence was improper pursuant to the "ACCA," 18 U.S.C. Sec. 924(e); see Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015); Alex Bennett, 769 Fed. Appx. 689 (2019), petitioner contends that the district court erred in determining that his prior conviction for Georgia robbery, pursuant to O.C.G.A. Sec. 16-8-40(a), qualifies as a violent felony under 18 U.S.C. Sec. 924(e)(B)(i), because it categorically has as an element the (2019 U.S. App. LEXIS 4) use, attempted use, or threatened use of physical force against the person of another requires proof of actual violence

10

to the person and not the property itself.

Petitioner contends that he base offense level points versus constitutional application of "enhancement" points creating an erroneous guideline.  Calculation used at sentencing in violation of Fifth and Sixth Amendment rights, all structural errors that occur must be correct to protect all defendants constitutional rights by law.

JOHNSON (2015) entitles petitioner to have his ACCA status evaluated anew because the court may have relied on the residual clause in imposing his sentence.  Supported by Davis, ET, AL, No 18-431(U.S. June 24, 3019))... Where, as here, the record is silent as to which clause of 18 U.S.C. Sec. 924(e)(2)(B) the court relied upon to find that petitioner had at least three prior convictions that qualified as violent felonies or as serious drug offenses, it should be presumed that the court relied upon the residual clause. Id. 135 S. Ct. 2551 (2015). See id. Georgia robbery conviction, O.C.G.A. Sec. 16-8-40(a).

A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another:

(1) by use of force;
(2) by intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or
(3) by sudden snatching.

As the government had spoken in their position held in case: 17-13276, and case no. 4:17-cv-00073-LGW-GRS Document 9 Filed 06/15/17 In petitioner's past filings that robbery bu use of force involves "personal violence or that degree of force that

<u>is necessary to remove articles so attached to the person or</u>
<u>clothing as to create resistance, however slight</u>."

However that above information does create a pathway for
this petitioner to address his claims anew because Johnson (2015)
created the pathway for contesting unconstitutionally sentences
under the "ACCA" enhancement, therefore the government then
moved to place the petitioner claim in the direction of the
"physical force" clause that's in reference to Section 924(c)(3)
(A), as presented Sec. 924(e)(2)(B) <u>"physical force"</u> clause
may be approachable in the same context pursuant to Davis' due
process clause where as petitioner now stands to be addressed
in open court where, as here, the record is silent as to which
clause of 18 U.S.C. Sec. 924(e)(2)(B) the court relied upon
his plea agreement as well as selecting the three prior
convictions that would qualify as violent felonies or serious
drug offenses, it should be presumed that the court relied upon
the residual clause.

Under these circumstances, petitioner is entitled to
reexamination of his ACCA status given Johnson's voiding of
the residual clause made during the taking or accepting of
petitioner's plea agreement and adjudication of his sentence
in the federal court system that's supportive of protecting
a defendant's constitutional rights pursuant to the Fifth and
Sixth Amendments.  See <u>Connally v· General Constr. Co.</u>, 629
U.S. 385, 391 (1926); see <u>Collins v. Kentucky</u>, 234 U.S. 634,
634 (1926).

Petitioner states in his previous filings he did preserve

all his rights to attack his "detention" pursuant to Descamps
v. United States, 133 S. Ct. 2276, 2281 (2013), which relates
to Johnson v. United States, 135 S. Ct. 2551, 192 L. Ed. 2d
569 (2015), specifically it contends that since the court did
not specify which clause of the ACCA it was relying on,
petitioner cannot "meet his burden of demonstrating that he
is entitled to relief under Sec. 2255 based on Johnson, as he
(can) offer() no proof that he was sentenced under the ACCA's
residual clause."

   According to the government, petitioner's arguments are merely
at attempts to recast as Johnson claims arguments that actually
arise under non-retroactive case law such as Curtis Johnson
v. United States, 559 U.S. 133 (2010).

   Petitioner takes notice that a Johnson violation exists "only
if the movant would not have been sentenced as an armed career
criminal absent the existence of the residual clause," which
requires a showing that: (1) the sentencing court solely relied
on the residual clause; and (2) there were not at least three
other convictions that "could have qualified" under a different
clause.of the ACCA.

  ("If it is just as likely that the sentencing court relied
on the elements or enumerated offenses clause, solely or as
an alternative basis for the enhancement, then the petitioner
has failed to show that his enhancement was due to use of the
residual clause."). Id. (Petitioner for the sentencing court's
"discretionary choice not to specify under which clause of Sec.
924(e)(2)(B) an offense qualified as violent felony. See United

                              13

States v. Winston's, 850 F.3d 677, 682 (4th Cir. 2017).

However where the record did not clarify which clause of
the ACCA the sentencing court relied upon, the court would "not
hold a defendant responsible for what or may not have crossed
a judge's mind during sentencing." See United States v. Taylor,
873 F.3d 476, 481-82 (5th Cir. 2017).

The Taylor Court criticized the district court's suggestion
that the petitioner should have sought clarification as to which
clause to explain the basis for its decision and, moreover,
that petitioner had no incentive to request clarification at
the time of his sentencing, however in petitioner's case his
defense counsel initially objected, and raised the issue but
later withdrew after she said that the record had been reviewed
did violate petitioner's due process to a fair sentencing at
that point and time. See Glover, 531 U.S. 198, 203 (2001); Barber
v. Thomas, 560 U.S. 477, 504 (2010).

Now rejecting the government's "unsupported argument that
the petitioner was sentenced under the ACCA's enumerated clause,
or there finding of Georgia robbery is under or listed under
the "element clause" i.e. "physical force."

The prohibition of vagueness in criminal statutes "is a well-
recognized requirement, consonant alike with ordinary notions
of fair play and the settled rules of law, "and a statute that
flouts it "violates the first essential of due process.

See Connally v. General Constr. Co., 269 U.S. 385, 391, 41
S. Ct. 126, 70 L. Ed. 322 (1926) These principles apply not
only to statutes defining elements of crimes, but also to

14

statutes fixing sentences.

See United States v. Batchelder, 442 U.S. 114, 123, 99 S.
Ct. 2193, 60 L. Ed. 2d 755 (1979).  See Kolender v. Lawson,
461 U.S. 352, 357-58, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983).
See all available state documents as petitioner set the order
in his claims for relief.

## CERTIFICATE OF SERVICE

I _____*Bruce Lloyd*_____ do hereby certify under penalty
of perjury (28 U.S.C. Sec. 1746) that I have this day mailed
and served the attached: (28 U.S.C. Sec. 2241),

U.S. District Court
Golden-Collum Memorial Fed.
Building U.S. Courthouse
207 NW Second Street, Room 337
OCala, Florida 34475-6666

by depositing same in the prison legal mailbox with First Class

postage affixed and addressed to the above cited... Id. See

all attached Ex. A as proof of this petitioner for relief...


Done this ___7___ day of ___*January*___ , 2020.

Submitted by: _____*Bruce Lloyd*_____
BRUCE LLOYD,
Reg. No. 19595-021
FCC-USP 1
P.O. Box 1033
Coleman, FL 33521

EXHIBIT A

PACKAGES

This information is for the use thereof to support petitioner's relief therefore petitioner asks that each claim be addressed in his petitioner. Id. (28 U.S.C. Sec. 2241) (State

Documents)

1. Investigative Report pages 1-of-2

2. Incident Report pages 1-of-3

3. Marijuana Identification Official Report Field Arrest Report, arraignment/waiver form property control from showing marijuana 3.3 grams that was used as a serious drug offense for ACCA purposes, and again marijuana 5.9 grams that was also used as serious drug offense towards "ACCA" enhancement that was under one Indictment Number 130518137.

4. Copy of O.C.G.A. Sec. 16-13-30 statute for sentencing purposes for both marijuana 3.3 grams under Section (2), and marijuana 5.9 grams under Section (3), both under one form of state indict-ment...

**LexisNexis**
*Custom Solution*

Georgia General Assembly                                                More ⌄

# Document: O.C.G.A. § 16-13-30



‹ Previous                                                          Next ›

## O.C.G.A. § 16-13-30

**Copy Citation**

Current through the 2019 Regular Session of the General Assembly

**GA - Official Code of Georgia Annotated    TITLE 16. CRIMES AND
OFFENSES    CHAPTER 13. CONTROLLED SUBSTANCES    ARTICLE 2. REGULATION
OF CONTROLLED SUBSTANCES    PART 1. SCHEDULES, OFFENSES, AND
PENALTIES**

## § **16-13-30**. Purchase, possession, manufacture, distribution, or sale of controlled substances or marijuana; penalties

**(a)** Except as authorized by this article, it is unlawful for any person to purchase, possess, or have under his or her control any controlled substance.

**(b)** Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance.

**(c)** Except as otherwise provided, any person who violates subsection (a) of this Code section with respect to a controlled substance in Schedule I or a narcotic drug in Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished as follows:

**(1)** If the aggregate weight, including any mixture, is less than one gram of a solid substance, less than one milliliter of a liquid substance, or if the substance is placed onto a secondary medium with a combined weight of less than one gram, by imprisonment for not less than one nor more than three years;

**(2)** If the aggregate weight, including any mixture, is at least one gram but less than four grams of a solid substance, at least one milliliter but less than four milliliters of a liquid substance, or if the substance is placed onto a secondary medium with a combined weight of at least one gram but less than four grams, by imprisonment for not less than one nor more than eight years; and

**(3)** (A) Except as provided in subparagraph (B) of this paragraph, if the aggregate weight, including any mixture, is at least four grams but less than 28 grams of a solid substance, at least four milliliters but less than 28 milliliters of a liquid substance, or if the substance is



placed onto a secondary medium with a combined weight of at least four grams but less than 28 grams, by imprisonment for not less than one nor more than 15 years.

**(B)** This paragraph shall not apply to morphine, heroin, opium, or any substance identified in subparagraph (RR) or (SS) of paragraph (1) or paragraph (13), (14), or (15) of Code Section 16-13-25, or subparagraph (A), (C.5), (F), (U.1), (V), or (V.2) of paragraph (2) of Code Section 16-13-26 or any salt, isomer, or salt of an isomer; rather, the provisions of Code Section 16-13-31 shall control these substances.

**(d)** Except as otherwise provided, any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule I or Schedule II shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, he or she shall be imprisoned for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense; provided, however, that the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

**(e)** Any person who violates subsection (a) of this Code section with respect to a controlled substance in Schedule II, other than a narcotic drug, shall be guilty of a felony and, upon conviction thereof, shall be punished as follows:

**(1)** If the aggregate weight, including any mixture, is less than two grams of a solid substance, less than two milliliters of a liquid substance, or if the substance is placed onto a secondary medium with a combined weight of less than two grams, by imprisonment for not less than one nor more than three years;

**(2)** If the aggregate weight, including any mixture, is at least two grams but less than four grams of a solid substance, at least two milliliters but less than four milliliters of a liquid substance, or if the substance is placed onto a secondary medium with a combined weight of at least two grams but less than four grams, by imprisonment for not less than one nor more than eight years; and

**(3)** If the aggregate weight, including any mixture, is at least four grams but less than 28 grams of a solid substance, at least four milliliters but less than 28 milliliters of a liquid substance, or if the substance is placed onto a secondary medium with a combined weight of at least four grams but less than 28 grams, by imprisonment for not less than one nor more than 15 years.

**(f)** Upon a third or subsequent conviction for a violation of subsection (a) of this Code section with respect to a controlled substance in Schedule I or II or subsection (i) of this Code section, such person shall be punished by imprisonment for a term not to exceed twice the length of the sentence applicable to the particular crime.

**(g)** Except as provided in subsection (l) of this Code section, any person who violates subsection (a) of this Code section with respect to a controlled substance in Schedule III, IV, or V shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than three years. Upon conviction of a third or subsequent offense, he or she shall be imprisoned for not less than one year nor more than five years.

**(h)** Any person who violates subsection (b) of this Code section with respect to a controlled substance in Schedule III, IV, or V shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.

**(i)**



**(1)** Except as authorized by this article, it is unlawful for any person to possess or have under his or her control a counterfeit substance. Any person who violates this paragraph shall

be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than two years.

**(2)** Except as authorized by this article, it is unlawful for any person to manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute a counterfeit substance. Any person who violates this paragraph shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.

**(j)**

**(1)** It shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.

**(2)** Except as otherwise provided in subsection (c) of Code Section 16-13-31 or in Code Section 16-13-2, any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.

**(k)** It shall be unlawful for any person to hire, solicit, engage, or use an individual under the age of 17 years, in any manner, for the purpose of manufacturing, distributing, or dispensing, on behalf of the solicitor, any controlled substance, counterfeit substance, or marijuana unless the manufacturing, distribution, or dispensing is otherwise allowed by law. Any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 20 years or by a fine not to exceed $20,000.00, or both.

**(l)** (1) Any person who violates subsection (a) of this Code section with respect to flunitrazepam, a Schedule IV controlled substance, shall be guilty of a felony and, upon conviction thereof, shall be punished as follows:

**(A)** If the aggregate weight, including any mixture, is less than two grams of a solid substance of flunitrazepam, less than two milliliters of liquid flunitrazepam, or if flunitrazepam is placed onto a secondary medium with a combined weight of less than two grams, by imprisonment for not less than one nor more than three years;

**(B)** If the aggregate weight, including any mixture, is at least two grams but less than four grams of a solid substance of flunitrazepam, at least two milliliters but less than four milliliters of liquid flunitrazepam, or if the flunitrazepam is placed onto a secondary medium with a combined weight of at least two grams but less than four grams, by imprisonment for not less than one nor more than eight years; and

**(C)** If the aggregate weight, including any mixture, is at least four grams of a solid substance of flunitrazepam, at least four milliliters of liquid flunitrazepam, or if the flunitrazepam is placed onto a secondary medium with a combined weight of at least four grams, by imprisonment for not less than one nor more than 15 years.

**(2)** Any person who violates subsection (b) of this Code section with respect to flunitrazepam, a Schedule IV controlled substance, shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than five years nor more than 30 years. Upon conviction of a second or subsequent offense, such person shall be punished by imprisonment for not less than ten years nor more than 40 years or life imprisonment. The provisions of subsection (a) of Code Section 17-10-7 shall not apply to a sentence imposed for a second such offense, but that subsection and the remaining provisions of Code Section 17-10-7 shall apply for any subsequent offense.

**(m)** As used in this Code section, the term "solid substance" means a substance that is not in a liquid or gas form. Such term shall include tablets, pills, capsules, caplets, powder, crystal, or any variant of such items.



## History

Code 1933, § 79A-811, enacted by Ga. L. 1974, p. 221, § 1; Ga. L. 1975, p. 1112, § 1; Ga. L. 1979, p. 1258, § 1; Ga. L. 1980, p. 432, § 1; Ga. L. 1985, p. 149, § 16; Ga. L. 1990, p. 992, § 1; Ga. L. 1992, p. 2041, § 1; Ga. L. 1996, p. 1023, §§ 1.1, 2; Ga. L. 1997, p. 1311, § 4; Ga. L. 2012, p. 899, §§ 3-7A, 3-7B, 3-7C/HB 1176; Ga. L. 2013, p. 141, § 16/HB 79; Ga. L. 2014, p. 780, §§ 2-1, 3-1/SB 364; Ga. L. 2017, p. 417, § 6-1/SB 104.

OFFICIAL CODE OF GEORGIA ANNOTATED
Copyright 2019 by The State of Georgia All rights reserved.

‹ Previous                                                                                     Next ›



About LexisNexis®          Privacy Policy          Terms & Conditions          Sign Out          Copyright © 2019 LexisNexis. All rights reserved.



CHATHAM-SAVANNAH CNT
GA0251800

Printed Date: 05/21/2013    Page 1 of 2
Printed Time: 10:40 AM

# INVESTIGATIVE REPORT

Report Date: 05/17/2013    Report Time: 17:00

Incident No.
**130518137**

## Violation(s)

| | Counts | Code | Attempt |
|---|---|---|---|
| Incident Type<br>SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC | ☐ |
| Incident Type<br>POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | 16-13-30(J)(1) | ☐ |

## Offender

| | | | Home Phone | Work Phone |
|---|---|---|---|---|
| Seq. No.<br>1 | Name: (Last, First, Middle)<br>LLOYD , BRUCE DONTRELL | | | |

| Address<br>2503    SADLER STREET | | SAVANNAH , GA 31405 | | SSN ▮▮▮▮ |
|---|---|---|---|---|
| Race<br>BLACK | Sex<br>M | Date of Birth<br>▮▮1985 | Employer | School |

| Height<br>5'11' | Weight<br>170 | Hair<br>BLK | Eyes<br>BRO | ☐ Suspect | ☐ Warrant | ☑ Arrest | | |
|---|---|---|---|---|---|---|---|---|

| | Counts | Code | Attempt |
|---|---|---|---|
| Arrest Charges<br>SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC | ☐ |
| Arrest Charges<br>POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | 16-13-30(J)(1) | ☐ |

## INVESTIGATIVE REPORT

**SUSPECT:**

Lloyd, Bruce Dontrell

D.O.B: ▮▮1985
Height: 5'10"
Weight: 185 pounds

**AGENTS:**

R. Mercer (Case Agent)
J. Johnson (Undercover)

**May 18, 2013 at 1700 Hours:**

On the above date and time, Tactical Team 2 conducted an undercover operation. Agent Johnson was the Undercover Agent for this operation. He was given a digital recorder, and Official CNT Funds. An open line of communication was also established. Agent Johnson pulls up to 1816 Montgomery Street (Pump N Pantry). He makes contact with two black males; one wearing an orange shirt and long dark colored shorts (Mr. Lloyd), the other wearing a white T-shirt and blue jeans. Agents Johnson made contact with Mr. Lloyd. Agent Johnson ask for "$20", meaning $20 dollars of Narcotics. Mr. Lloyd replies, "What weed?" Agent Johnson said that's "straight". Agent Johnson gave Mr. Lloyd a $20 dollar bill (EG 44635920 D) and Mr. Johnson gives him three individual small plastic baggies of Green Leafy Material (GLM) believed to be marijuana. On the digital recording Agent Johnson continues to speak with Mr. Lloyd and asked about powder cocaine, Mr. Lloyd said that he has a friend that can get it. Agent Johnson tells Mr. Lloyd that he is from out of town. Mr. Lloyd then gave Agent Johnson his phone number ▮▮▮▮▮▮ and he told Agent Johnson that his name was "Tony". Agent Johnson gave the takedown signal, Agents moved in and took Mr. Lloyd into custody. The other black male, wearing the white T-shirt and blue jeans, ran westbound towards Martin Luther King

| | Badge | Suffix | Signature | |
|---|---|---|---|---|
| Supplemental Officer<br>AGENT RAYMOND G MERCER | 908 | 01 | *Ryd Mer* | |
| Supplemental Approving Officer<br>SGT JOHN STEPHENS | 904 | 01 | *Jh Stn* | |

CHATHAM-SAVANNAH CNT
GA0251800

Printed Date: 05/21/2013      Page 2 of 2
Printed Time: 10:40 AM

## INVESTIGATIVE REPORT

| Incident No. |
| --- |
| **130518137** |

Report Date: 05/17/2013      Report Time: 17:00

Boulevard.

Once Mr. Lloyd was in custody he was searched.  A plastic bag containing 5 small plastic baggies of marijuana was in his front right pocket along with the $20 dollar bill (EG 44635920 D) given to him by Agent Johnson.  That $20 dollar bill was returned to Agent Johnson.  I verbally gave Mr. Lloyd his Miranda Warning Rights by saying to him:  You have the right to remain silent, anything you say can and will be used against you in a court of law.  You have the right to have an attorney before you are question, if you cannot afford and attorney one will be appointed to you before you are questioned.  Once he indicated that he understood his rights, I asked him what happened.  Mr. Lloyd said that "I sold weed to buddy in the truck. I know I'm gone."  Mr. Lloyd also had a set of keys on him that belonged to a Ford vehicle.  I asked him if we could search it he said "go ahead aint nothing in it."  We located the vehicle in the 400 Block of West 34th street.  The vehicle was a Ford Expedition.  The vehicle was searched in Mr. Lloyd's presence.  The vehicle was not towed because it was legally parked on the street.  Mr. Lloyd was charged with sale of marijuana and possession of marijuana with intent to distribute.  Mr. Lloyd also had a warrant for his arrest through probation.  He was transported to CCDC by and SCMPD marked unit without incident.

Back at the CNT office, the GLM purchased (E 1) was tested; the GLM filed tested positive for marijuana.  The GLM found on Mr. Lloyd's person was also field tested; the GLM field test positive for marijuana  The digital recording (N1) was reviewed by me and of good quality.  All evidence was heat sealed in an evidence bag and logged into CNT locker TL 006.

INDEXING:

Drug:

E 1: 3.3 grams of GLM F/T+ for marijuana
E 2: 5.9 grams of GLM F/T + for marijuana

Non-Drug:

N 1: Sony CD-R LLOYD, BRUCE digital recording 5/18/2013

| | Badge | Suffix | Signature | |
| --- | --- | --- | --- | --- |
| Supplemental Officer<br>**AGENT RAYMOND G MERCER** | 908 | 01 | *[signature]* | |
| Supplemental Approving Officer<br>**SGT JOHN  STEPHENS** | 904 | 01 | *[signature]* | |

CHATHAM-SAVANNAH CNT
GA0251800
71 ROSS ROAD SAVANNAH, GA 31405

Printed Date: 05/21/2013
Printed Time: 10:39 AM
Page 1 of 3

# Incident Report

**Incident No.**
**130518137**

| Incident Type | | Counts | Code | Attempt |
|---|---|---|---|---|
| SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | | 1 | 16-13-30(J)(1) SC | ☐ |

| Incident Type | | Counts | Code | Attempt |
|---|---|---|---|---|
| POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | | 1 | 16-13-30(J)(1) | ☐ |

| Primary Location: 1816 MONTGOMERY STREET | Secondary Location: | Business/Building PUMP N PANTRY |
|---|---|---|

| City SAVANNAH | State GA | Zip 31405 | County CHATHAM | |
|---|---|---|---|---|

| Incident Date 05/18/2013 | Time 17:00 | Date To 05/18/2013 | Time 17:30 | Report Date 05/18/2013 | Time 19:15 | Stranger Yes | Weapon Type | Premise 3- CONVENIENCE S |
|---|---|---|---|---|---|---|---|---|

| Case Type MARIJUANA - SALES | Case Status ARREST |
|---|---|

## Offender/Suspect/Subject

| Seq. No. 1 | Name: (Last, First, Middle) LLOYD BRUCE DONTRELL | Home Phone | Work Phone | Other Phone |
|---|---|---|---|---|

| Address 2503 SADLER STREET  SAVANNAH, GA 31405 |
|---|

| Permanent / Other Address 0  , |
|---|

| Race BLACK | Sex M | Date of Birth 1985 | Age 27 | Employer | | School | |
|---|---|---|---|---|---|---|---|

| Height 5'11" | Weight 170 | Hair BLK | Eyes BRO | DLN | DL State | ID Number | SSN |
|---|---|---|---|---|---|---|---|

| Court Name | ☐ Suspect  ☐ Juvenile  ☐ War. App. ☑  ☑ Arrest | Arrest Date |
|---|---|---|
| | ☐ Primary Aggressor  ☐ Warrant ☐  Juv. Arrest | 05/18/2013 |
| | ☐ Subject | |

| Arrest Charges | Counts | Code |
|---|---|---|
| SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC |

| Arrest Charges | Counts | Code |
|---|---|---|
| POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | 16-13-30(J)(1) |

## Property

| Quantity 1 | Make | Model | Serial No. | Record No. 130518137 |
|---|---|---|---|---|

| Description:  EX-1:  GLM F/T + FOR MARIJUANA  3.3 GRAMS |
|---|

| UCR Category Description MISCELLANEOUS | Property Type DRUG |
|---|---|

| Value | Jurd. Date | Location |
|---|---|---|

| Reporting Officer AGENT RAYMOND G MERCER | Badge 908 | Suffix 01 | Signature |
|---|---|---|---|

| Approving Officer SGT JOHN STEPHENS | Badge 904 | Suffix 01 | Signature |
|---|---|---|---|

CHATHAM-SAVANNAH CNT
GA0251800
71 ROSS ROAD SAVANNAH, GA 31405

## Incident Report

| Incident No. |
|---|
| **130518137** |

| | | Jurd. | Date | Location | |
|---|---|---|---|---|---|
| ☐ Stolen | **$0.00** | | | | |
| ☐ Recovered | Value **$0.00** | | | | |
| ☐ Other | Value **$0.00** | | Other Description | | |

| Locker Location |
|---|
| **TL006** |

☑ Evidence   **In property room**

| Location Seized | Seizing Officer |
|---|---|
| **1816 MONTGOMERY ST.** | **908 RAYMOND G MERCER** |

| Disposition | Voucher No. |
|---|---|
| | **1600** |

**Notes**
3 SMALL BAGS OF GLM PURCHASED FROM MR. LLOYD BY AGENT JOHNSON

| Quantity | Make | Model | Serial No. | Record No. |
|---|---|---|---|---|
| **1** | | | | **130518137** |

Description:   **EX-2: GLM F/T + FOR MARIJUANA  5.9 GRAMS**

| UCR Category Description | Property Type |
|---|---|
| **MISCELLANEOUS** | **DRUG** |

| | | Jurd. | Date | Location | |
|---|---|---|---|---|---|
| ☐ Stolen | Value **$0.00** | | | | |
| ☐ Recovered | Value **$0.00** | | | Location | |
| ☐ Other | Value **$0.00** | | Other Description | | |

| Locker Location |
|---|
| **TL006** |

☑ Evidence   **In property room**

| Location Seized | Seizing Officer |
|---|---|
| **1816 MONTGOMERY ST.** | **908 RAYMOND G MERCER** |

| Disposition | Voucher No. |
|---|---|
| | **1601** |

**Notes**
5 INDIVIDUAL BAGGIES FOUND ON MR. LLOYD'S PERSON ALONG WITH THE CNT FUNDS

| Quantity | Make | Model | Serial No. | Record No. |
|---|---|---|---|---|
| **1** | | | | **130518137** |

Description:   **N 1 SONY CD-R LLOYD, BRUCE DIGITAL RECORDING 5/18/13**

| UCR Category Description | Property Type |
|---|---|
| **MISCELLANEOUS** | **AUDIO/VISUAL** |

| | | Jurd. | Date | Location | |
|---|---|---|---|---|---|
| ☐ Stolen | Value **$0.00** | | | | |
| ☐ Recovered | Value **$0.00** | | | Location | |

| Reporting Officer | Badge | Suffix | Signature |
|---|---|---|---|
| **AGENT RAYMOND G MERCER** | **908** | **01** | |
| Approving Officer | Badge | Suffix | Signature |
| **SGT JOHN STEPHENS** | **904** | **01** | |

CHATHAM-SAVANNAH CNT
GA0251800
71 ROSS ROAD SAVANNAH, GA 31405

Printed Date: 05/21/2013
Printed Time: 10:39 AM
Page 3 of 3

## Incident Report

| | Incident No. |
|---|---|
| | **130518137** |

| ☐ **Other** | Value **$0.00** | Other Description |
|---|---|---|
| ☑ **Evidence** | **Not in property room** | Locker Location **TL006** |
| Location Seized | | Seizing Officer **908 RAYMOND G MERCER** |
| Disposition | | Voucher No. |

**Notes**
DIGITAL RECORDING 5/18/13 LLOYD, BRUCE UC BUY BUST OPERATION

**GCIC Entry** ☐ Requested ☐ Warrant ☐ Missing Person ☐ Vehicle ☐ Article ☐ Boat ☐ Gun ☐ Securities

**Additional** ☑ A & B ☐ Supplemental ☐ Citation ☐ Accident ☐ Victim Bill of Rights ☐ Vehicle Impound ☑ Inv. Rpt ☐ Evidence Form

**Clearance Arrest**     Clearance Date:

**Narrative**

Drug Buy/Bust Operation initiated 5/18/2013

| Investigator **AGENT RAYMOND G MERCER** | Date Assigned **5/18/2013** | Date Closed | Clearance Code **ARREST** | ☑ Assigned ☐ Warrant Pending | ☐ Admin Close |
|---|---|---|---|---|---|

| | Badge | Suffix | Signature | |
|---|---|---|---|---|
| Reporting Officer **AGENT RAYMOND G MERCER** | **908** | **01** | | |
| Approving Officer **SGT JOHN STEPHENS** | **904** | **01** | | |

CHATHAM-SAVANNAH CNT
GA0251800

Printed Date: 05/21/2013          Page 1 of 1
nted Time: 10:40 AM

# INCIDENT SUPPLEMENTAL

Report Date: 05/20/2013    Report Time: 12:00

Incident No.
**130518137**

## Violation(s)

| Incident Type | Counts | Code | Attempt |
|---|---|---|---|
| SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC | ☐ |
| Incident Type | Counts | Code | Attempt |
| POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | 16-13-30(J)(1) | ☐ |

## Offender

| Seq. No. | Name: (Last, First, Middle) | | Home Phone | Work Phone |
|---|---|---|---|---|
| 1 | LLOYD , BRUCE DONTRELL | | | |

| Address | | | | SSN |
|---|---|---|---|---|
| 2503 | SADLER STREET | SAVANNAH , GA 31405 | | |

| Race | Sex | Date of Birth | Employer | School |
|---|---|---|---|---|
| BLACK | M | 1985 | | |

| Height | Weight | Hair | Eyes | | | |
|---|---|---|---|---|---|---|
| 5'11' | 170 | BLK | BRO | ☐ Suspect | ☐ Warrant | ☑ Arrest |

| Arrest Charges | Counts | Code | Attempt |
|---|---|---|---|
| SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC | ☐ |
| Arrest Charges | Counts | Code | Attempt |
| POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | 16-13-30(J)(1) | ☐ |

## INCIDENT SUPPLEMENTAL

On 5-18-13 at approximately 1700 hours:
I participated in an operation in an undercover capacity. I was equipped with a digital audio recorder, an open line of communication, and pre-recorded CNT funds. While in the area of W. 34th St and Montgomery St, I observed two black males standing at the driver side window of a white Acura SUV which was parked at the gas pumps of 1816 Montgomery St (Pump N Pantry). One black male was wearing an orange t-shirt and dark colored shorts and the second male was wearing a white t-shirt and blue jeans. I drove into the parking lot of the Pump N Pantry facing North. I pulled up to the gas pumps next to where the White SUV was facing South bound. As I stopped my vehicle, the black male (later identified as Bruce Dontrell Lloyd) wearing the orange shirt and gold teeth walked towards the driver side window of my vehicle. He stated "what's up" and I replied "I got $20". Mr. Lloyd then asked " What you want, weed?" I indicated that I was good with $20 worth of weed or marijuana, at which time he reached into his pants pocket and removed a clear plastic bag containing several individual bags of green leafy material which I believed to be marijuana. Mr. Lloyd then reached into my window and handed me three individual bags of green leafy material and I handed him $20 of pre-recorded CNT funds (EG44635920D). Once I had the product and handed the money to Mr. Lloyd, I gave the takedown signal to the units in the area. I indicated to Mr. Lloyd that I was from out of town but that I come into the city once in a while and he pointed at my cellphone laying on my seat and stated " Get my number" meaning his cellphone number. He indicated his name was "Tony" and his cellphone number is ▇▇▇▇▇▇▇ He also asked if I wanted anything else and when I indicated I wanted some "Powder" or Cocaine, he turned around to the black male wearing a white shirt and they made conversation about where they could obtain some "Powder" for me. At this point Mr. Lloyd was taken into custody without incident.

I transferred the three bags of green leafy material into Agent Mercer's possession. This concludes my participation in this case.

| Supplemental Officer | Badge | Suffix | Signature |
|---|---|---|---|
| AGENT JEREMY L JOHNSON | 911 | 01 | |
| Supplemental Approving Officer | Badge | Suffix | Signature |
| SGT JOHN STEPHENS | 904 | 01 | |

CHATHAM-SAVANNAH CNT
GA0251800
71 ROSS ROAD SAVANNAH, GA 31405

Printed Date: 05/21/2013
Printed Time: 10:40 AM
Page 1 of 1

# Offender(s)

| | | | | | | | Incident No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | **130518137** |

| Seq. No. | Name: (Last, First, Middle) | | | | Home Phone | Work Phone | Other Phone |
|---|---|---|---|---|---|---|---|
| 1 | **LLOYD BRUCE DONTRELL** | | | | | | |

| Address | | | | | | SSN | |
|---|---|---|---|---|---|---|---|
| **2503 SADLER STREET  SAVANNAH , GA 31405** | | | | | | ▇▇▇ | |

| Race | | Sex | Date of Birth | Age | Employer | | School |
|---|---|---|---|---|---|---|---|
| **BLACK** | | **M** | ▇1985 | **27** | | | |

| Height | Weight | Hair | | Eyes | ☐Suspect ☐Juvenile ☐War. App. | ☑ Arrest | Arrest Date |
|---|---|---|---|---|---|---|---|
| **5'11'** | **170** | **BLK** | | **BRO** | ☐Primary Aggressor ☐ Warrant<br>☐Subject | ☐ Juv. Arrest **5/18/2013** | |

| Arrest Charges | Counts | Code | Attempt |
|---|---|---|---|
| SALE OF MARIJUANA In Violation of Georgia Code 16-13-30(J)(1) | 1 | 16-13-30(J)(1) SC | ☐ |

| Arrest Charges | Counts | Code | Attempt |
|---|---|---|---|
| POSSESSION WITH INTENT TO DISTRIBUTE - MARIJUANA  In Violation of GEORGIA CODE16-13-30(J)(1) | 1 | **16-13-30(J)(1)** | ☐ |



Chatham~Savannah Counter Narcotics Team
## POLICE
*71 Ross Road*
*Savannah, Georgia 31405*

**Dwane E. Ragan**
*Director*

**Telephone**
**(912) 652-3900**

# MARIJUANA IDENTIFICATION
## OFFICIAL REPORT

**Case Number:** 130518137

**Evidence Form #:** VOUCHER # 1600    **Exhibit #:** 1

**Suspect:** Lloyd, Bruce

**Agent to receive report:** MERLER

**Brief description of the evidence:** GLM

**Date/time of test:** 0930 / 5-21-2013

**\*Net weight of the exhibit:** .9g + 1.0g + 1.0g = 2.9g total

**Analysis:**

Microscopy: cystolithic: +    covering: +

Duquenois-Levine: +    Lot # 0213023

Fast Blue B: +    Lot # 0213025

**Conclusion:** Positive for Marijuana: ☑  Negative for Marijuana: ☐  Inconclusive: ☐

\*Net weight refers to the total weight of the exhibit material only

I hereby certify that I have performed the above analysis (testing and weighing) on this evidence.

Agent's Signature: _____

Agent's Printed Name: Brett Brundage, CNT945

CNT GO # OPS-045 Form 1 (03/2011)



**SAVANNAH CHATHAM POLICE**

## FIELD ARREST REPORT

CIRCLE ONE >>>   ( INSIDE SAVANNAH CITY LIMITS )   •   UNINCORPORATED AREA   °   ( CNT ARREST )

| INV | ARRESTED | RELEASED ON SUBPOENA | PRECINCT | CRN | DATE | TIME | SUFFIX |
|-----|----------|----------------------|----------|-----|------|------|--------|
| | | | | Do 61437 | 05/16/13 | 1700 | |

| NAME (LFM) | SEX | RACE | DOB | AGE | HGT | WGT | HAIR | EYE | SKIN |
|------------|-----|------|-----|-----|-----|-----|------|-----|------|
| Lloyd Bruce Cantrell | M | B | ▓▓ 35 | 27 | 510 | 195 | Blk | Brn | Brn |

| OLN | | OLS | SOC | | HISP | POB |
|-----|--|-----|-----|--|------|-----|
| | | | ▓▓▓ | | N | Savannah GA |

| ADDRESS | CITY | ST | ZIP | PHONE |
|---------|------|-----|-----|-------|
| | Savannah | GA | 31404 | ▓▓▓ |

| ALIAS | # ARR | ADDITIONAL CHARGES YES  NO | WEAPON USED | DOMESTIC | PIN |
|-------|-------|----------------------------|-------------|----------|-----|
| | 1 | | | | |

**LOCATION OF ARREST**  816 Montgomery St Savannah GA 31401

The undersigned certifies and swears, to the best of his knowledge and belief that the above defendant committed the below offenses.

| ON THE | DAY | DAY OF | MONTH | 20 | AT | TIME | AT | LOCATION |
|--------|-----|--------|-------|----|----|------|----|----------|
| | 16 | | May | 20 13 | | 1700 | | 816 Montgomery St Savannah GA |

| STATUTE | CHARGE LITERAL | FELONY / MISD | COUNTS | WARRANT # | WARRANT ORI |
|---------|----------------|---------------|--------|-----------|-------------|
| 16-13-30 | Sale of marijuana | FELONY | | | |
| 16-13-30 | Poss of marij w/intent | FELONY | | | |
| | | | | | |
| | | | | | |

**SUMMARY NARRATIVE OF CHARGES**   Arrested on above charges

| TAG NUMBER | VEHICLE DESCRIPTION | VEHICLE LOCATION IF TOWED LIST TOWING COMPANY |
|------------|---------------------|-----------------------------------------------|

| PROPERTY OTHER THAN VEHICLE SEIZED | BOND AMOUNT | COURT DATE | TBA |
|-----------------------------------|-------------|------------|-----|

| I SWEAR THAT THE ABOVE STATEMENT IS CORRECT AND TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF. | ASSISTING OFFICER | PRN | JAILER | PRN |
|---|---|---|---|---|
| ARRESTING OFFICER          PRN | PRINT NAME | | TRANSPORTING OFFICER | PRN |

ARRESTING OFFICER   B Mercer   PRN 10498

| COMPLAINANT | ADDRESS | PHONE |
|-------------|---------|-------|
| WITNESS | ADDRESS | PHONE |
| WITNESS | ADDRESS | PHONE |
| WITNESS | ADDRESS | PHONE |

White – Recorder's Court    Yellow – Criminal History    Pink – Chatham County Jail    Green – Officer's Copy    Gold – Defendant

SCMPD Form 1076w (10/08)

# ARRAIGNMENT / WAIVER FORM

CNT _____

Adult    __X__    Arraignment   ___

Juvenile    ___    Waiver    ___

Race __B__   Sex __M__   D.O.B. ▮▮▮▮

Name   LLOYD, BRUCE, DONTRELL _____

having been arrested for the offense(s) of ___ SALE OF MARIJUANA, POSSESSION OF MARIJUANA WITH INTENT

TO DISTRIBUTE

arrested on ____ 5/18/13 ____ at ____ 1700 ____ M.   Warrant # _____

_____ Defendant or accused stated that they will retain their own attorney.

__V__ Defendant or accused wishes a court appointed attorney.

_____ Defendant or accused hereby waives their arraignment in this case.

_____     _____

    Signature of Attorney                 Signature of Accused

_____     _____

    Signature of Officer                Name of Co-Defendant

A court hearing is herewith set for _____ **10-6-1** at _____ M.

**BAILABLE ONLY BEFORE A JUDGE OF THE SUPERIOR COURT**

Court Room ____ 13 ____ . Bond is set in the amount of $ _____

Superior Court Judge  CRUS-COILS

Judge's Signature or Authorized By _____

1   2   3   4   5   X

_____    _____ M.

       Date               Time

| Victim(s) / Witness(es) | Address | Home phone | Work phone |
|---|---|---|---|
| | | | 652-3900 |
| AGENT R. MERCER | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# CHATHAM-SAVANNAH C
# PROPERTY CONTROL FORM

| DESCRIPTION: N 1 SONY CD-R LLOYD, BRUCE DIGITAL RECORDING 5/18/13 | CRN: 130518137 | Page: 1 of 1 |
|---|---|---|
| | DATE: 05/18/2013 | TIME: 17:00 |

| QUANTITY: 1 | MAKE: | MODEL: | SERIAL #: |
|---|---|---|---|

**LOCATION SEIZED:**

**SEIZING OFFICER:** 908 RAYMOND G MERCER        **SEIZED DATE/TIME:** 05/21/2013 08:50

| STORAGE LOCATION: | LOCKER LOCATION: TL006 | IN-HOUSE LOCATION: |
|---|---|---|

**HANDLING TYPE:**

| TYPE: AUDIO/VISUAL | UCR: MISCELLANEOUS | VOUCHER NO: |
|---|---|---|

| PROPERTY TYPE: ☐Stolen ☐Recovered ☑Evidence ☐Other | Not in property room | COURT TYPE: STATE |
|---|---|---|

**REASON:**
DIGITAL RECORDING 5/18/13 LLOYD, BRUCE UC BUY BUST OPERATION

## CHAIN OF CUSTODY

| DATE | TIME | Officer/LOCATION | PURPOSE OF CHANGE |
|---|---|---|---|
| 5/21/13 | 0850 | From: B. Mercer | Evidence |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |

# CHATHAM-SAVANNAH CN
# PROPERTY CONTROL FORM

| DESCRIPTION: EX-1: GLM F/T + FOR MARIJUANA 3.3 GRAMS | CRN: 130518137 | Page: 1 of 1 |
|---|---|---|
| | DATE: 05/18/2013 | TIME: 17:00 |

| QUANTITY: 1 | MAKE: | MODEL: | SERIAL #: |
|---|---|---|---|

**LOCATION SEIZED:** 1816 MONTGOMERY ST.

| SEIZING OFFICER: 908 RAYMOND G MERCER | SEIZED DATE/TIME: 05/18/2013 17:15 |
|---|---|

| STORAGE LOCATION: | LOCKER LOCATION: TL006 | IN-HOUSE LOCATION: |
|---|---|---|

**HANDLING TYPE:**

| TYPE: DRUG | UCR: MISCELLANEOUS | VOUCHER NO: |
|---|---|---|

| PROPERTY TYPE: ☐Stolen ☐Recovered ☑Evidence ☐Other | Not in property room | COURT TYPE: STATE |
|---|---|---|

**REASON:**
3 SMALL BAGS OF GLM PURCHASED FROM MR. LLOYD BY AGENT JOHNSON

## CHAIN OF CUSTODY

| DATE | TIME | Officer/LOCATION | PURPOSE OF CHANGE |
|---|---|---|---|
| 5/18/13 | 1950 | From: P. Mercer | Evidence |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |

UC Buy/Bust

# CHATHAM-SAVANNAH CNT
# PROPERTY CONTROL FORM

| DESCRIPTION: EX-2: GLM F/T + FOR MARIJUANA 5.9 GRAMS | CRN: 130518137 | Page: 1 of 1 |
|---|---|---|
| | DATE: 05/18/2013 | TIME: 17:00 |

| QUANTITY: 1 | MAKE: | MODEL: | SERIAL #: |
|---|---|---|---|

LOCATION SEIZED: 1816 MONTGOMERY ST.

| SEIZING OFFICER: 908 RAYMOND G MERCER | SEIZED DATE/TIME: 05/18/2013 17:15 |
|---|---|

| STORAGE LOCATION: | LOCKER LOCATION: TL006 | IN-HOUSE LOCATION: |
|---|---|---|

HANDLING TYPE:

| TYPE: DRUG | UCR: MISCELLANEOUS | VOUCHER NO: |
|---|---|---|

| PROPERTY TYPE: ☐Stolen ☐Recovered ☑Evidence ☐Other | Not in property room | COURT TYPE: STATE |
|---|---|---|

REASON:
5 INDIVIDUAL BAGGIES FOUND ON MR. LLOYD'S PERSON ALONG WITH THE CNT FUNDS

## CHAIN OF CUSTODY

| DATE | TIME | Officer/LOCATION | PURPOSE OF CHANGE |
|---|---|---|---|
| 5/18/13 | 1950 | From: R. Mercer | Evidence |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |
| | | From: | |
| | | To: | |

UC Buy / Bust